THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD JOSEPH CONKLIN, Appellant.

Third Department, June 1, 1972.

*Jack Scordo* for appellant.

*William H. Power, Jr., District Attorney (Robert J. Leader* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment of the County Court of St. Lawrence County, rendered July 20, 1971, upon the jury verdict convicting defendant of criminally selling a dangerous drug, in the third degree.

The alleged act of drug selling took place in the relatively small Village of Canton, New York, but which is the site of several colleges and schools of higher learning.

The central issue on this appeal concerns the question of credibility, the appellant contending the verdict is against the weight of credible evidence and, therefore, that he was not proven guilty beyond a reasonable doubt.

The evidence-in-chief of the People consisted of a witness admittedly an informer retained by the Chief of Police of the village. The defendant took the stand in his own behalf and denied in substance the testimony of the informer concerning the alleged sale and the events leading to it. From the evidence the jury could and did find the defendant guilty beyond a reasonable doubt.

The District Attorney on cross-examination of the defendant developed a pattern of questions concerning prior acts of the defendant involving drugs to which there were objections and which, in most instances, the court sustained. Following a question concerning the defendant having given marijuana to his brother, the court called a recess and in the presence of the defendant and the respective attorneys queried the District Attorney as to his " good faith " and thereafter conducted a hearing " *in camera* " of the witnesses the People proposed calling and interrogating as to prior acts. Following such hearing the court announced that it was going " to foreclose any more testimony along this line " and in the charge stated that the defendant could not be convicted " by implication in other criminal acts which were insinuated but were denied ". The extent to which attempts to discredit a witness may go is within the discretion of the trial court and it must be noted that here the court in holding an " *in camera* " hearing took unusual precautions to protect the rights of the defendant.

The defendant further questions the reference to possession of drugs by him on April 4, but it cannot be found on this record that such testimony was so prejudicial as to require a new trial. In substance, the testimony concerned conversations between the informer and the defendant and no doubt led to the con-

summation of a sale the next day. The court in its charge, taking cognizance of this, was careful to state to the jury· "you cannot find the defendant guilty of the crime charged because of the activities of April 4, 1971, alone or in any way. He has not been charged with committing a crime on April 4th, nor is there any legal proof that a crime was committed, but you can take this proof as to how you feel it might have a bearing on the charge of the sale the next night and the relationship of the Defendant and the witness Dean with each other at this particular time."

It is contended that the District Attorney in his summation made such prejudicial remarks that a reversal and new trial are required.

The law is well settled that a District Attorney ordinarily does not have the right to comment on the failure of the defendant to take the stand or omitting to call witnesses. It is readily applicable to the present case where the issue is one of credibility and where remarks relating to the failure of the defendant to call witnesses are improper and prejudicial because there is no rule of law, under the circumstances, to justify such statements by the prosecutor. In the present circumstances it cannot be established that the summation did not prejudice the jury. (See *People* v. *Damon*, 24 N Y 2d 256, 260; *People* v. *Adams*, 21 N Y 2d 397, 402.)

In sum, the defendant was charged with selling a dangerous drug. The testimony of the chief accuser and the Chief of Police of Canton was to the effect that they were seeking to arrest "pushers". The testimony, although allowed for limited purposes, came into the case regarding defendant's alleged possession of drugs on other occasions from the crime charged. Thereafter, the prosecutor drew unfavorable and prejudicial inferences from the absence or failure to call witnesses in violation of well-established law, all of which raise sufficient doubt as to the harmlessness of such errors to sustain a verdict which requires conviction of the defendant beyond a reasonable doubt and thus requires a new trial.

The judgment should be reversed, on the law and the facts, and a new trial ordered.

HERLIHY, P. J., STALEY, JR., SWEENEY, SIMONS and KANE, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered.