THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JIMMY BURTON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 25, 1973, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the judgment is based were established. At the trial, the complainant testified that after he was robbed by three men he searched the surrounding area for his assailants. He finally succeeded in locating the three men, one of whom was defendant. He managed to secure the aid of the police. He pointed defendant out to the police, and defendant, who was alone at the time, was thereupon apprehended. Defendant produced several alibi witnesses on his behalf. On direct examination, the arresting officer was permitted to corroborate the complainant's identification testimony. A subsequent motion by defendant's counsel for a mistrial was denied. The trial court erred in allowing this improper method of bolstering identification testimony. The rule enunciated in *People* v. *Trowbridge* (305 N. Y. 471) is that a witness' identification testimony cannot be bolstered by another witness' testimony of the former's previous identification. In this case the proof of guilt was close. The jury was out for approximately seven hours, during which time they asked to have reread to them the trial court's instructions on the alibi defense, and the complainant's testimony. Under such circumstances, the error may not be disregarded as harmless. The *Trow-*

*bridge* rule has not been changed by the adoption of the Criminal Procedure Law (see CPL 60.25 and the Practice Commentary thereon by Professor Denzer in McKinney's Cons. Laws of N. Y., Book 11A, CPL 60.25, p. 241). In addition, error was committed by the prosecutor in his summation when, in a reference to defense counsel's suggestion that the complainant's description of defendant was lacking in detail, he referred to defendant's failure to adduce proof as to his appearance at the time of the crime. Shapiro, Acting P. J.; Cohalan, Christ, Brennan and Benjamin, JJ., concur.