■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MACKEY, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered June 18, 1975, upon a verdict convicting defendant of the crime of robbery in the second degree. On this appeal, defendant advances several contentions of errors allegedly committed by the trial court and the prosecutor during the course of the pretrial proceedings and the trial itself. Defendant first contends that the prosecutor made prejudicial statements in his summation in that he referred to the subpoena power of the defendant's attorney. These remarks to the jury must be evaluated in their relationship to the defense attorney's summation which had just been concluded. (See *People v Marks,* 6 NY2d 67, 77.) Defense counsel implied that the People failed to call certain witnesses because their testimony would have been damaging to the People's case. In view of counsel's suggestions to the jury that the prosecutor had engaged in improper conduct, the prosecutor's statement regarding defendant's subpoena powers was not improper. *People v Burton* (46 AD2d 774) and *People v Conklin* (39 AD2d 160), relied upon by defendant, are inapplicable since neither case involved situations where the defense attorney had provoked the prosecutor's statement in his own summation. In any event, the trial court gave adequate cautionary instructions to the jury. (See *People v Broady,* 5 NY2d 500, 516.) We find no error in the cross-examination of defendant by the prosecutor. The latter's inquiry into the time spent by the defendant at a conservation camp operated by the State Division for Youth was not in violation of rulings made by the court after the pretrial *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371). Since defendant had testified on direct examination that he had conservation training, the District Attorney was entitled to ask where he received the training. Upon objection, the trial court then properly stopped the inquiry before any prejudice resulted to the defendant. Defendant alleges that the prosecution committed prejudicial error by its failure to supply to the defendant evidence known to be favorable to the defense. We agree that the People have a duty to disclose exculpatory material in their control. *(People v Simmons,* 36 NY2d 126.) This evidence consisted of a written statement by the victim that he could not identify his assailants. The prosecution concedes that it did not deliver the statement to the defendant's counsel until more than a year after the date of defendant's arrest. In mitigation, the People assert that the defendant did not make a motion to obtain the evidence until almost a year

elapsed from the date of defendant's arrest. While this is true, we do not condone this negligent failure to disclose the statement. However, we conclude that no prejudice occurred since the defendant received the exculpatory statement one week before trial in ample time to make use of it on the trial. (Cf. *People v Simmons, supra.)* We find no error by the trial court in its refusal to grant several of the defendant's requests to charge. We have examined the remainder of defendant's contentions and find them to be without merit. The trial court properly safeguarded defendant's interests in its conduct of the trial. Judgment affirmed. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.