■ NORBERT MANUSZEWSKI, Doing Business as SUNNY SIDE GRILL, Appellant, v MERCHANTS MUTUAL INSURANCE COMPANY, Respondent.—Order unanimously affirmed, without costs. Memorandum: Under any interpretation the allegations of the complaint seeking damages against the plaintiff clearly come within the exclusion of the policy. There exists no factual basis or legal theory which may be developed at trial arising out of this incident that would obligate the defendant insurance company to pay and, therefore, there is no duty to defend *(Lionel Freedman, Inc. v Glen Falls Ins. Co.,* 27 NY2d 364; *Vale v Yawarski,* 79 Misc 2d 320; cf. *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). (Appeal from order of Erie Supreme Court—declaratory judgment.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDINE STRONG, Appellant.—Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant's conviction of criminal sale of a controlled substance in the third degree should be reversed and a new trial ordered. The court's refusal to charge the elements of criminal possession of a controlled substance in the seventh degree was reversible error. *(People v Law,* 41 NY2d 307, 313-314). "The test of whether a 'lesser included offense' is to be submitted is certainly not that it is probable that the crime was actually committed or even that there is substantial evidence to support such a view. It suffices that it is supportable on a rational basis or, put another way, by logical necessity". *(People v Henderson,* 41 NY2d 233, 236.) Defense counsel during his cross-examination of the People's witness, a forensic chemist, requested production of the witness' notes in which he had recorded the results of chemical tests about which he had testified. The court's refusal to direct the production of the notes was error *(People v Malinsky,* 15 NY2d 86; *People v Rosario,* 9 NY2d 286). Furthermore, the court should not have permitted the prosecuting attorney to elicit on redirect examination of the chemist that defendant had made no request to have the substance tested by a chemist on her behalf. Such questions were irrelevant. Unfavorable inferences may not be drawn from the failure of the defendant to call witnesses. *(People v Harris,* 35 NY2d 665; *People v Mirenda,* 23 NY2d 439; *People v Conklin,* 39 AD2d 160.) (Appeal from judgment of Monroe County Court—criminal sale controlled substance, third degree.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLYDE COLLINS, JR.,