OPINION OF THE COURT
Patrick W. McGinley, J.
The defendant, Hakim Muhammed, was charged with two counts of assault in the second degree occurring during an incident on 42nd Street and Eighth Avenue on October 15, 1979.
New York City Police Officer Robert Westervelt approached the defendant after observing him standing over an elderly man who was lying on the ground. In order to investigate, the officer directed the defendant not to leave the scene. The defendant’s response to the order was several blows to the officer’s face.
During the course of the assault, the elderly man, who. had been lying on the ground, arose and left the area before anyone could question him. Efforts by the prosecution and police to locate the whereabouts of the elderly man were unsuccessful; however, the names of the officers who par *1043 ticipated in the arrest of the defendant, as well as other witnesses, were disclosed to defense counsel.
Initially, the defendant moves to dismiss the indictment on the ground that law enforcement agents had failed to preserve material evidence. This motion was denied because it was clear that the elderly man was never under the control or direction of the police or prosecution and that the People did not intentionally procure his disappearance. Moreover, since no one had questioned him, it was impossible to determine whether he was in a position to testify or whether any testimony would have been material and relevant to the defense. (People v Jenkins, 41 NY2d 307.)
Despite the court’s denial of the defendant’s motion to dismiss for failure to preserve material evidence, i.e., the testimony of the elderly man, counsel for defendant, in his summation before the jury, criticized the Assistant District Attorney for failure to call the elderly man as a witness.
In addition, during summation, counsel commented on the fact that the prosecution did not call as a witness, one Sonny Goldstein, concededly an eyewitness to the assault. The prosecutor had earlier advised the defense. of the identity of Mr. Goldstein, and had in fact caused Mr. Goldstein to appear in court for an interview with defense counsel. After conferring with Mr. Goldstein, the defense chose not to call him as a witness, apparently agreeing with the prosecutor’s contention that his testimony was cumulative.
It is noteworthy that counsel for the defense never requested a missing witness charge from the court with respect to either of the two individuals. In my view, counsel’s comments, during summation, on the prosecution’s failure to call as witnesses the elderly man and Mr. Gold-stein, were unfair and improper.
Defendant’s reliance on People v Taylor (98 Misc 2d 163) as authority for such comments is misplaced. In Taylor, after both sides had rested, defense counsel requested and received a charge on the prosecution’s failure to call a confidential informant as a witness. Neither prosecution nor defense called the informant as a witness, although the informant had been made available to the defense. Indeed, the defense called no witnesses whatsoever.
*1044 The court in Taylor (supra) held that the prosecution had a duty to call the informant as its own witness because that witness was under its control. Having failed to do so, defendant’s request for a missing witness charge was granted, and comment in summation on the People’s dereliction in this regard was permissible.
In Taylor (supra), the People’s case against the defendant rested solely on the testimony of an undercover officer whose testimony could be accredited or impeached only by the informant. Unlike the instant case, where other witnesses were called by the defense, no alternate witnesses were available.
Unlike Taylor (supra), where the informant was under the control of the prosecution, the “missing” witnesses in the instant case were never under the sole and exclusive control of the prosecution, a conclusion made emphatically clear in the court’s decision after a pretrial motion.
Again, with respect to the prospective witness Goldstein, defense counsel never requested a missing witness charge nor was his testimony the only evidence available to the defense. Moreover, there had been no indication that Mr. Goldstein’s testimony would have been plainly favorable to the prosecution and hostile to the defense (People v Brown, 34 NY2d 658). “Even assuming that their evidence was favorable to the defendant, and there is no showing to that effect, the names and addresses of these persons, and statements made by them to the authorities, were furnished to defense counsel at the close of the People’s case * * * once having received it, counsel chose not to call any of these persons as witnesses for the defense. In a word, there was no prejudice and no suppression of evidence.” (People v Stridiron, 33 NY2d 287, 292-293.) The Court of Appeals added, in a footnote (p 293), that no unfavorable inference may arise from the prosecutor’s failure to call some of the eyewitnesses to testify at trial since, in his view, their statements were confused and valueless. These eyewitnesses were equally accessible to the defense.
The circumstances in the instant case also differ from those which prompted defense counsel in People v Wright (41 NY2d 172) to comment on the prosecution’s failure to call a witness even though the witness was in the court *1045 room. The court in Wright held that since there were uncertainties which developed during the cross-examination of one officer, who had participated in the arrest in question, the testimony of his partner who was not called as a witness would not necessarily have been cumulative or trivial; accordingly, the court decided that the prosecutor’s summation, to the effect that the People do not have to call witnesses if the testimony will be cumulative, and that defense counsel had equal opportunity to call the witness, was improper. In the instant case, no uncertainties developed during the direct or cross-examination of the witnesses during trial.
The duty of the prosecution is to prove the elements of the offense beyond a reasonable doubt, and to do this it may select the witnesses necessary to prove its case (People v Vaughn, 35 AD2d 889). “[A] prosecutor has broad discretion in the preparation and presentation of his cases”. (People v Andre W., 44 NY2d 179, 184; People v Fein, 18 NY2d 162, app dsmd 385 US 649.) “[A] prosecutor need not put on any witness, even an eyewitness, whose testimony his own investigation convinces him would be unreliable, cumulative or irrelevant” (People v Andre W., supra, at p 184; People v Buckler, 39 NY2d 895; People v Stridiron, supra). Any prospectivé witness, under the control of the prosecution, but whose testimony is not required as part of the People’s direct case or rebuttal, should be referred to the defense for possible use, and his appearance secured by reasonable co-operation. Once this is done, the obligation of the prosecution with respect to that witness is full and complete, and neither side may comment to the jury if that witness is not called.
The importance of a request for a missing witness charge, prior to any comments to the jury, cannot be overestimated. In addition to avoiding surprise and possible prejudice, a preliminary ruling can assist in providing guidelines for fair and effective summations. In the instant case, counsel’s failure to request a missing witness charge prior to summations precluded the court from preventing an unfair reference to the People’s responsibility.
The Federal rule appears salutary. In United States v D'Angiolillo (340 F2d 453, 455, cert den 380 US 955) the *1046 court held: “[WJhere the informer’s testimony may be relevant to the defense, the defendant is entitled to his name, to such information as the government may have concerning his whereabouts, and to reasonable cooperation in securing his appearance.” There is no requirement, however, that the government call the informer as its witness (United States v Super, 492 F2d 319, cert den sub nom. Burns v United States, 419 US 876).
In a similar situation, the court in People v Mackey (52 AD2d 662) held that because defense counsel implied in his summation that the prosecutor had acted improperly by failing to call certain witnesses due to damaging testimony, the prosecutor’s statement concerning the defendant’s power to subpoena witnesses was not improper.
In summary, by failing to seek a missing witness charge, but nevertheless commenting on the People’s failure to call two witnesses, one of whom was never under the control of the prosecution and was the subject of a pretrial motion ruled upon by the court, and the other who was provided by the prosecution for defense interview, counsel strayed beyond the bounds of fair and permissible comment.