■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MIMS, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered October 25, 1989, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him as a second felony offender, to a term of imprisonment of from 3-½ to 7 years, unanimously affirmed.

Criminal possession of stolen property in the third degree requires proof that the value of the property in question exceeds $3000 (Penal Law § 165.50). Defendant argues that his guilt was not proved beyond a reasonable doubt because a proper foundation was not laid for the witness who testified to the value of the clothing he was accused of stealing. The argument is without merit. The value of this merchandise was established through the testimony of the general manager of the company that defendant had allegedly burglarized. His familiarity with the merchandise was demonstrated by his identification of the items stolen, his knowledge of their fabric content, weight and the specific buyers for certain items. He testified that the 60 skirts and 11 maternity dresses found in defendant's possession were manufacturered, stored, sold at and shipped from the premises of which he was manager, and he stated both the wholesale price of the stolen clothing, which far exceeded the $3000 statutory minimum, and the retail price. Clearly, the witness was qualified. (See, People v Solomon, 124 AD2d 840.)

Defendant's further claim that the trial court used misleading language in its charge to the jury with respect to his failure to testify is not preserved (CPL 470.05 [2]; People v Lara, 148 AD2d 340, affd 75 NY2d 836). In any event, the charge as a whole conveyed the applicable law.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.