■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SMART, Appellant. (Appeal No. 1.) [638 NYS2d 569] —Judgment unanimously affirmed *(see, People v Jimenez,* 224 AD2d 1002 [decided herewith]). (Appeal from Judgment of Monroe County Court, Egan, J.—Unauthorized Use Motor Vehicle, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SMART, Appellant. (Appeal No. 2.) [637 NYS2d 826] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of stolen property in the third degree, two counts of criminal possession of stolen property in the fourth degree and two counts of unauthorized use of a motor vehicle in the third degree, arising out of defendant's operation of stolen motor vehicles on February 18 and 24, 1993. By failing to specifically raise the issue as part of his trial motion for dismissal, defendant failed to preserve for appellate review his contention that the conviction regarding the February 24 incident is not supported by legally sufficient evidence of value *(see,* CPL 470.05 [2]; *People v Lawrence,* 85 NY2d 1002, 1004). In any event, that contention lacks merit. The owner, a used car dealer with about 20 years of experience, testified that he purchased the vehicle from another dealer for $3,000, that the vehicle had been sold for $4,000 and was to be delivered to the buyer on the day after the theft, and that, in his opinion, the vehicle had a value of $4,000. That testimony is sufficient to establish that the vehicle had a value in excess of $3,000 *(see, People v Mims,* 178 AD2d 178; *People v Vacarella,* 177 AD2d 990, *lv denied* 79 NY2d 833).

Defendant also failed to preserve for review his contention that the prosecutor improperly commented on the credibility of police witnesses *(see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). Were we to reach the merits, we would conclude that such isolated comment was a fair response to the comments of defense counsel on summation attacking the

conduct and credibility of those witnesses *(see, People v Arce,* 42 NY2d 179, 190; *People v Gonzalez,* 206 AD2d 946, 947, *lv denied* 84 NY2d 867) and did not deprive defendant of a fair trial *(see, People v Tidwell,* 207 AD2d 957, *lv denied* 84 NY2d 1039; *People v Mott,* 94 AD2d 415, 419).

Defendant's contention that excessive bail was imposed prior to trial is not reviewable on this appeal from the judgment of conviction *(see,* CPL 450.10; *People ex rel. Klein v Krueger,* 25 NY2d 497). County Court did not abuse its discretion in denying defendant's motion to sever those counts of the indictment pertaining to each incident *(see, People v Cabrera,* 188 AD2d 1062, 1063) and properly determined that the police witness had an independent basis for an in-court identification of defendant *(see, People v Brown,* 187 AD2d 662, *lv denied* 81 NY2d 882; *People v Strudwick,* 170 AD2d 969, *lv denied* 77 NY2d 1001; *People v Colson,* 148 AD2d 626, *lv denied* 74 NY2d 662). We conclude that the remaining contentions raised in defendant's *pro se* supplemental brief are without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.