■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NELSON, Appellant. [683 NYS2d 656] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered August 18, 1997, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

Parole Officer James Zaloga received information from Linda Tolokonsky, owner of Rudnick's Family Store where defendant was employed, that defendant, a parolee, was selling stolen clothing.* Accompanied by two other parole officers, Zaloga conducted a home visit at defendant's residence on April 8, 1996. While Zaloga had previously visited defendant at his former residence, he had not yet found defendant to be home when he appeared, unannounced, at his new residence. On this occasion, defendant was at home.

Upon their consensual entry into defendant's residence, Zaloga noted an open hallway closet with a large quantity of new clothes, some with pricing labels still affixed. After defendant granted the officers permission to see his bedroom, they noted another closet, also open, containing large quantities of new clothing. Upon receiving defendant's consent to examine a second closet in the bedroom, the officers discovered approximately 30 to 40 pairs of new jeans. Unable to comply with the officers' request to show receipts for the clothing, only producing two receipts from 1994 in the amount of approximately $30 each, defendant represented that they were bought from Rudnick's where he was employed.

Defendant permitted the officers to search the remaining areas of the apartment; the living room revealed a large closet, running the length of the room, containing more new clothing with pricing labels. Confronted by Zaloga with a disbelief that he was financially able to afford this clothing, defendant consented to have the officers contact Rudnick's for confirmation. Norman Tolokonsky, part owner and general manager of Rudnick's, came to the apartment along with his son. They identified the clothing as items sold in the store and acknowledged that while employees receive a discount on clothing up

---

* Tolokonsky received this information from defendant's ex-girlfriend.

to 25%, they were unable to recall more than a few sales to defendant. After an inventory of the clothing by the police and a determination that the retail value approximated $7,500, defendant was placed under arrest for parole violation. Following an unsuccessful *Huntley/Mapp* hearing to suppress the evidence seized, defendant was convicted of criminal possession of stolen property in the third degree and later sentenced as a second felony offender.

Concerning his challenge to the search undertaken, we agree that a defendant does not surrender his constitutional rights against unreasonable searches and seizures grounded upon his status as a parolee (*see, People v Huntley*, 43 NY2d 175, 181). However, such status and whether the search was conducted by the parolee's own parole officer are factors relevant to assessing the reasonableness of the search. "[I]n our view whether the action was unreasonable and thus prohibited by constitutional proscription must turn on whether the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty" (*id.*, at 181). Since a part of Zaloga's active supervision of defendant included unannounced inspections of his home every other month and since the information concerning defendant's criminal conduct emanated from an identified source, there existed a legitimate reason for the search undertaken (*cf., People v Jackson*, 46 NY2d 171).

We further find no error in County Court's authority or determination concerning pretrial release of the clothing to the store owner since written notice was provided to defense counsel pursuant to Penal Law § 450.10 and no further request for inspection or examination thereof was received in response. Moreover, as we find that a foundation for the identification and value of the property was established by Tolokonsky's testimony concerning his extensive experience in retail business, as well as his familiarity with the subject property, his store's merchandise and its employee purchase policy, we reject any challenge to his testimony (*see, People v Mims*, 178 AD2d 178).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.

