■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. BURT, Appellant. [705 NYS2d 90] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 10, 1996, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree.

On the afternoon of February 7, 1996, 16-year-old Matthew Markovics was walking toward his residence in the City of Albany when he saw a man exiting his basement carrying something over his shoulder wrapped in a couch cover. When Markovics reached his residence, he discovered that the basement door had been broken and that his family's computer equipment and couch cover were missing, sending him in search of the man he had just observed leaving his home. According to Markovics, the same man approached him on the street a few minutes later and asked if he "was missing anything". When Markovics responded that someone had just robbed his home, the man told Markovics that he had seen

someone place something in a nearby park. He led Markovics to the park where the computer equipment and couch cover were discovered.

Markovics identified defendant in a line-up as the person who had exited his home with the computer and had approached him on the street. He also identified defendant's voice from a voice identification. A subsequent search of defendant's residence produced a ping pong paddle which was alleged to belong to the Markovics family. Indicted on one count each of burglary in the second degree, criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, defendant was acquitted of burglary but found guilty of criminal possession of stolen property in the fourth and fifth degrees. He was sentenced to a prison term of 2 to 4 years for the criminal possession of stolen property in the fourth degree conviction and one year in jail for the criminal possession of stolen property in the fifth degree conviction, to run concurrently. He appeals.

At trial, the People were permitted to call, over defense counsel's objection, Assistant District Attorney Christopher Horn as an expert witness in the field of computers. His testimony was proffered to establish a necessary element of criminal possession of stolen property in the fourth degree, namely, that the value of the stolen computer equipment exceeded $1,000 in February 1996 (*see*, Penal Law § 165.45 [1]; *see also*, *People v Vientos*, 164 AD2d 122, 124, *affd* 79 NY2d 771). Putting aside the questionable practice of the People calling an Assistant District Attorney as a witness in a criminal prosecution, Horn was simply unqualified to testify about the value of used computer equipment (*cf.*, *People v Nelson*, 257 AD2d 765, 766, *lv denied* 93 NY2d 975; *People v Cielock*, 217 AD2d 1001, 1002, *lv denied* 86 NY2d 841; *People v Mims*, 178 AD2d 178) and County Court erred in permitting his testimony (*see*, *Werner v Sun Oil Co.*, 65 NY2d 839, 840; *see also*, *People v Gonzalez*, 221 AD2d 203, 204-205).[1]

Many of Horn's alleged "qualifications" had nothing to do with the *value* of used computer equipment, i.e., he was a networking administrator for his office, a member of a development team concerning automatic record retrieval systems and a liaison for a County computer committee. Horn had never

---

1. Notably, Markovics' father testified that the computer equipment had been purchased the previous fall by another family member and that he had no idea of its cost (*compare*, *People v Marks*, 198 AD2d 542, 543, *lv denied* 82 NY2d 898; *People v Stein*, 172 AD2d 1060, 1060-1061, *lv denied* 78 NY2d 975).

been in the business of buying, selling or trading computer equipment nor had he ever bought or sold the type of computer equipment stolen from the Markovics residence. His self-described status as a computer "nerd" and his occasional efforts to help others select computer packages simply did not qualify him to render an expert opinion as to the value of used computer equipment in February 1996.

Nor are we able to find that his lack of expertise in this area was an issue that went merely to the weight of his testimony, as opposed to its admissibility. A trial court has the initial responsibility of evaluating whether an expert possesses "the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459; *see, Payant v Imobersteg*, 256 AD2d 702, 704; *People v Page*, 225 AD2d 831, 833-834, *lv denied* 88 NY2d 883). While an expert's competency can be derived from either formal training or " '[l]ong observation and *actual* experience' " (*Price v New York City Hous. Auth.*, 92 NY2d 553, 559, quoting *Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398 [emphasis supplied]), Horn possessed neither.

If this had been the only error, this Court could simply reduce defendant's conviction to criminal possession of stolen property in the fifth degree (*see, e.g., People v Vandenburg*, 254 AD2d 532, 534, *lv denied* 93 NY2d 858; *People v Holley*, 237 AD2d 642, 644); however, another issue requires that a new trial be granted. At trial a police officer testified extensively over defense counsel's objection that Markovics identified defendant in a pretrial lineup and voice identification procedure after Markovics himself had already testified to these identifications (*see,* CPL 60.25, 60.30). The officer's subsequent testimony about the identification procedures—which was much more detailed than even Markovics' own version of events—can only be considered improper bolstering. Since the evidence of defendant's guilt consisted almost exclusively of Markovics' identification of him, the error may not be disregarded as harmless (*see, People v Malloy*, 22 NY2d 559, 567; *People v Trowbridge*, 305 NY 471; *People v Fernandez*, 82 AD2d 922, 923; *People v Burton*, 46 AD2d 774).[2] The People's justification for repeating this detailed identification testimony was as background for an alleged inculpatory spontaneous statement

---

**2.** Not only was the officer permitted to give details about the pretrial identifications of defendant by Markovics, a picture of the lineup itself was introduced into evidence during his testimony.

defendant made at the police station.[3] The People could have introduced this statement as evidence against defendant without the police officer's testimony about the lineup and voice identification procedures. Said differently, the testimony about what Markovics said and did during the lineup and voice identification procedures was irrelevant to the statement made by defendant after being informed by the officer that he was being placed under arrest.

In light of the above, reversal of defendant's convictions is warranted and a new trial is ordered.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the County Court of Albany County for a new trial.

---

**3.** According to the officer, following Markovics' identifications of him, defendant was informed that he was being placed under arrest. Defendant asked the officer, "What's going on?", to which the officer replied, "You've been identified by a witness to this crime." Defendant then responded, "That kid couldn't have seen me."