■ In the Matter of DENNIS LYNCH, Petitioner, v SYOSSET SCHOOL DISTRICT et al., Respondents. [749 NYS2d 583] —Lahti-

nen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for retroactive membership in respondent New York State Employees' Retirement System.

Petitioner began part-time employment with respondent Syosset School District (hereinafter the District) in September 1972, but did not join respondent New York State Employees' Retirement System (hereinafter the ERS) until he began full-time employment in October 1978. Petitioner resigned from his position with the District in March 1980, and joined the New York City Police Retirement System in January 1982. In 1994, petitioner filed an application for retroactive membership in the ERS, which was denied on the ground that he was not a current member of a public retirement system as required by Retirement and Social Security Law § 803. Petitioner sought administrative review of this decision but, following a hearing, his application was again denied. Petitioner then commenced this CPLR article 78 proceeding to challenge that determination.

We confirm. Retirement and Social Security Law § 803 was enacted in 1993 to allow current members of a public retirement system to obtain retroactive membership in that system based on continuous service since the date for which membership is sought (*see Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 671). However, an employee of the City of New York is not eligible for retroactive membership under this statute unless the City of New York has enacted a local law to that effect (*see* Retirement and Social Security Law § 803 [b] [1]). Since the record does not reflect enactment of such a local law by the City of New York, petitioner was not eligible to apply for retroactive membership in the ERS. In addition, petitioner does not have the requisite continuous service since there was a 22-month break in service after petitioner resigned from the District (*see* Retirement and Social Security Law § 803 [b] [2]; *see also Matter of Mars v McCall*, 258 AD2d 765, 765). Accordingly, petitioner's application for retroactive membership in the ERS was properly denied.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.