People v Machado-Garcia

2026 NY Slip Op 02532

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

CARLOS MACHADO-GARCIA, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

182 KA 23-00328

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (RYAN ASHE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered December 22, 2022. The judgment convicted defendant upon a jury verdict of criminal possession of stolen property in the third degree (two counts), burglary in the third degree (two counts), attempted grand larceny in the third degree and grand larceny in the fourth degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of criminal possession of stolen property in the third degree (Penal Law § 165.50), two counts of burglary in the third degree (§ 140.20), one count of attempted grand larceny in the third degree (§§ 110.00, 155.35 [2]), and one count of grand larceny in the fourth degree (§ 155.30 [1]). Viewing the evidence in light of the elements of the crime of criminal possession of stolen property in the third degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that crime as charged in the first count of the indictment is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "Knowledge that property is stolen can be established through circumstantial evidence such as by evidence of recent exclusive possession, defendant's conduct[,] or contradictory statements from which guilt may be inferred" (People v Cintron, 95 NY2d 329, 332 [2000] [internal quotation marks omitted]; see People v Waterford, 124 AD3d 1246, 1246-1247 [4th Dept 2015], lv denied 26 NY3d 972 [2015]; see also People v Brown, 174 AD3d 1329, 1332 [4th Dept 2019], lv denied 34 NY3d 979 [2019]). Here, the record establishes, inter alia, that defendant was found to be the sole occupant of the subject stolen vehicle parked in front of a business after midnight. When confronted by police, defendant provided conflicting statements as to the vehicle's purported owner and was unable to provide contact information for that person. In light of the testimony at trial, we conclude that the jury was entitled to infer that defendant knowingly possessed a stolen vehicle (see generally People v Ohse, 114 AD3d 1285, 1286 [4th Dept 2014], lv denied 23 NY3d 1041 [2014]).

Contrary to defendant's further contention, Supreme Court properly denied his motion to sever the counts of the indictment based on the separate incidents to which they pertained because he failed to show " 'good cause for severance' " (People v Rios, 107 AD3d 1379, 1380 [4th Dept 2013], lv denied 22 NY3d 1158 [2014]; see CPL 200.20 [3]). The indictment charged defendant with counts arising from four separate theft-related incidents where defendant was alleged to be using a different stolen vehicle on each occasion. The offenses were each " 'the same or similar' and thus were properly joinable [pursuant to CPL 200.20 (2) (c)]" (People v Cabrera, 188 AD2d 1062, 1063 [4th Dept 1992]; see People v Brown, 172 AD3d 437, 437-438 [1st Dept 2019], lv denied 33 NY3d 1067 [2019]; People v Smart [appeal No. 2], 224 AD2d 999, 999-1000 [4th Dept 1996], lv denied 88 NY2d 854 [1996]). The evidence concerning each incident "was presented separately and was readily capable of being segregated in the minds of [*2]the jury," and defendant failed to establish that there was "a substantial likelihood that the jury would be unable to [separately consider the evidence]" (Rios, 107 AD3d at 1380). Indeed, "the fact that defendant was acquitted of [certain] charges 'indicates that the jury was able to consider the proof concerning each count separately' " (id.; see People v Smith, 147 AD3d 1527, 1528 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; People v Barber-Montemayor, 138 AD3d 1455, 1457 [4th Dept 2016], lv denied 28 NY3d 926 [2016]). As defendant correctly concedes, he failed to preserve his alternative contention that the court provided the jury with an insufficient limiting instruction regarding the jury's duty to consider each of the counts of the indictment separately (see generally People v Hymes, 174 AD3d 1295, 1299 [4th Dept 2019], affd 34 NY3d 1178 [2020]).

We likewise reject defendant's contention that he received ineffective assistance of counsel. Initially, defendant's contention that he received ineffective assistance of counsel at sentencing is not properly before us on this appeal. Defendant was sentenced on two indictments, i.e., the instant indictment and a subsequent indictment related to charges arising from conduct that occurred while the charges on the instant indictment were pending. These circumstances triggered the consecutive sentencing regime provided by Penal Law

§ 70.25 (2-b). Defendant contends that defense counsel was ineffective at sentencing by failing to provide sufficient mitigating circumstances in favor of concurrent sentences as contemplated by that statute. Defendant's contention, however, relates to his judgment of conviction on the second indictment, not the instant indictment (see People v Dunbar, 183 AD3d 1263, 1264 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]). We conclude that defendant's remaining contentions regarding the alleged ineffectiveness of counsel represent "simple disagreement[s] with [trial] strategies, tactics or the scope of possible cross-examination" that do not constitute ineffective assistance (People v Mastin, 232 AD3d 1268, 1269 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]; see People v Austen, 197 AD3d 861, 861-862 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]; People v Case, 197 AD3d 985, 988 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Lozada, 164 AD3d 1626, 1628 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]).

Finally, we reject defendant's contention that his sentence is unduly harsh and severe.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court