■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH MAIELLO, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered October 16, 1989, convicting defendant after a jury trial of robbery in the first degree, and sentencing him to a term of imprisonment of 10 years to life, unanimously affirmed.

Defendant and his accomplice, whose appeal we are deciding simultaneously herewith *(People v Williams,* 185 AD2d 724), were convicted after trial of robbing a cashier of a bakery. The facts are set forth in the memorandum decision of co-defendant's appeal.

Defendant's argument that the prosecutor committed error in summation is premised primarily on the number of times that the trial court itself found that the prosecutor did not limit her arguments to the four corners of the evidence. However, we find such overreaching by the prosecutor did not deprive defendant of a fair trial because virtually all of the arguments to which defense counsel objected prompted strong corrective intervention by the court. And while the prosecutor was unrepentant, the court's strongly worded main charge on the law serves to dispel any concern that there remained a potential for prejudice. The court in no uncertain terms told the jury that the prosecutor had made arguments that were

not based on the evidence or a fair inference drawn from the evidence. The court specifically told the jury that there was no evidence that defendant and co-defendant were together on the day before the robbery, or that the defendant sent the co-defendant into the store. The court's instructions were unequivocal, advising the jury that it was being "strongly" told to ignore the prosecutor's arguments that were not based on the evidence. Moreover, we find that some of the arguments complained of were not an impermissible departure from the evidence.

The prosecutor's most serious error in summation was calling upon the jury to convict based on the defendants' demeanor at trial, but this, too, was effectively ameliorated by the court's intervention. The court promptly said that the prosecutor's argument was "completely improper".

Nor do we find that defendant is entitled to a reversal because the prosecutor did not address the failure of memory of the cashier's cousin in a straightforward manner. As we determined on co-defendant's appeal, there is no reasonable possibility that the proposed impeachment of the cousin's credibility would have affected the outcome of defendant's case (People v Williams, supra). We recognize the significance which the testimony of the cousin played in defendant's conviction, but conclude that her credibility would not have been significantly impaired had the trial assistant clarified the record. Her account of what occurred during the pursuit and capture of the defendants was corroborated by the witness who accompanied her and the police officers who arrested defendants. Further, the record shows that her credibility was not otherwise seriously impeached. We recognize the power of the jury to accept portions of testimony and that the portion of the witness's testimony about defendant pacing on the street and conversing with co-defendant was not corroborated, but we find no reasonable possibility that the jury would have rejected the uncorroborated testimony had the witness's faulty recollection been fully revealed.

Defendant has adopted his co-defendant's arguments that his right to be present at trial was violated by the questioning of a juror in his absence and that the court erred in its supplemental charge to the jury, but for the reasons discussed in the disposition of the co-defendant's appeal, the claims are meritless. Concur—Murphy, P. J., Carro, Milonas, Wallach and Smith, JJ.