■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY J. JACOBSEN, Appellant. [602 NYS2d 565] —Judgment unanimously affirmed. Memorandum: We conclude that defendant's conviction is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant was not denied a fair trial by prosecutorial misconduct or by the court's charge to the jury. The prosecutor's alleged misconduct, largely unobjected to, was neither egregious nor pervasive. The jury charge, when read as a whole, properly conveyed the relevant legal principles. Finally, defendant's sentence is neither harsh nor excessive. (Appeal from Judgment of Erie County Court, LaMendola, J.—Murder, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SMITH, III, Appellant. [600 NYS2d 857] —Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction of first degree robbery and attempted first degree robbery is against the weight of the evidence. That contention is without merit. It was reasonable for the jury to infer from defendant's conduct and from the circumstances surrounding the commission of the crimes that defendant acted intentionally *(see, People v Steinberg,* 79 NY2d 673, 682; *People v Smith,* 79 NY2d 309, 315).

The alleged prosecutorial misconduct did not deprive defendant of a fair trial. Although the prosecutor's attempt to avoid a stipulation regarding blood stains found on defendant's shirt constitutes misconduct, the prompt response and curative instruction by the trial court dispelled any potential prejudice *(see, People v Maiello,* 185 AD2d 726, *lv denied* 80 NY2d 1028). We further conclude that the jury would have reached the same result if the conduct had not occurred *(see, People v Curley,* 159 AD2d 969, *lv denied* 76 NY2d 733). We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Murder, 2nd Degree.) Present— Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.