■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CIELOCK, Appellant. [629 NYS2d 918] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and two counts each of auto stripping in the second degree and criminal mischief in the fourth degree. Defendant contends, *inter alia*, that the court erred in failing to give a circumstantial evidence charge; that the evidence is insufficient to support the conviction for criminal possession of stolen property; and that expert testimony regarding the value of the property was improperly admitted.

The evidence was not wholly circumstantial, and thus there was no need for the court to give a moral certainty charge (*see, People v Barnes*, 50 NY2d 375, 380). There was direct evidence concerning defendant's identity and participation or complicity in the crime. In any event, defendant failed to request a moral certainty charge or object to the charge given, and thus has failed to preserve that issue for our review (*see,* CPL 470.05 [2]).

The evidence is sufficient to establish the knowing possession by defendant of stolen property with intent to benefit himself or another or to impede the owner's recovery of the property (*see,* Penal Law § 165.45). The proof is sufficient to establish the actual possession by defendant of the Camaro's radio, as well as his constructive possession of the other stolen property. Alternatively, the evidence sufficiently establishes defendant's culpability as an accomplice.

The testimony of the People's expert met all the requirements for admissible opinion evidence. The subject of the testimony, the value of car stereo equipment, is beyond the common ken. The witness had extensive experience and knowledge in that area and thus possessed the qualifications necessary to testify as an expert. Finally, based on his inspection of the equipment, his background knowledge, and his consultation of the "Blue Book", the witness had the requisite personal knowledge of those facts upon which his opinion rested. Therefore, the witness was properly permitted to give opinion testimony concerning the aggregate value of the stolen equipment (*see,* Richardson, Evidence §§ 367-369 [Prince 10th ed]).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Grand Larceny, 4th Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Balio, JJ.