■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GONCALVES, Appellant. (Appeal No. 1.) [659 NYS2d 596] —Judgment unanimously affirmed. Memorandum: Defendant's contention that *Rosario* violations require reversal is without merit. Reversal based upon the People's delay in disclosing *Rosario* material is necessary only when defendant demonstrates that he has been substantially prejudiced by the delay (*see, People v Martinez*, 71 NY2d 937, 940; *People v Watson*, 213 AD2d 996, 997, *lv denied* 86 NY2d 804; *People v Brantley*, 186 AD2d 1036, 1037, *lv denied* 81 NY2d 785). We conclude that defendant failed to establish that he was substantially prejudiced. He received all of the information he requested in his discovery demands prior to opening statements (*see, People v White*, 211 AD2d 982, 985, *lv denied* 85 NY2d 944; *People v Smith*, 190 AD2d 1022, *lv denied* 81 NY2d 976).

We reject the contention of defendant that he was deprived of a fair trial by prosecutorial misconduct. The prosecutor's references to defendant's trial strategy as a "smoke screen" do "not constitute such a pervasive pattern of misconduct that reversal is warranted" (*People v Tidwell*, 207 AD2d 957, *lv denied* 84 NY2d 1039; *see, People v Colon*, 172 AD2d 173, 175, *affd* 78 NY2d 998; *see generally, People v Mott*, 94 AD2d 415).

Defendant's further contention that County Court erred in admitting into evidence the testimony of the prosecution's

expert witness regarding the fair market value of the stolen stereo equipment is not preserved for our review (*see,* CPL 470.05 [2]), and, in any event, is without merit (*see, People v Cielock,* 217 AD2d 1001, 1002, *lv denied* 86 NY2d 841).

Defendant's remaining contention is without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Grand Larceny, 4th Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.