■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL GOSTON, Appellant. [779 NYS2d 699]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 20, 2000. The judgment convicted defendant, upon a jury verdict, of robbery in the first

degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on criminal possession of a weapon in the third degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on count four of the indictment.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [4]), defendant contends that County Court erred in denying his motion to suppress identification testimony. We reject that contention and conclude that the court properly determined that the showup identification, conducted in geographic and temporal proximity to the crime, was not unduly suggestive (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *see also People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). We further reject defendant's contention that the court's *Sandoval* ruling constitutes an abuse of discretion. "The trial court did not abuse the discretion vested in it, in determining the extent of the cross-examination bearing on defendant's credibility, and the exercise of that discretion should not be disturbed" (*People v Greer*, 42 NY2d 170, 176 [1977]; *see People v Schwartzman*, 24 NY2d 241, 244-245 [1969], *mot to amend remittitur granted* 24 NY2d 914 [1969], *rearg denied* 24 NY2d 916 [1969], *cert denied* 396 US 846 [1969]).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the contention of defendant, the court properly denied his request to charge robbery in the third degree as a lesser included offense of robbery in the first degree. "[T]here is no reasonable view of the evidence that a deadly weapon—here, a loaded firearm—was not used to commit the [robbery]. Thus, there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater" (*People v Pross*, 302 AD2d 895, 898 [2003], *lv denied* 99 NY2d 657 [2003]; *see People v Whitfield*, 287 AD2d 393 [2001], *lv denied* 97 NY2d 689 [2001]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]).

We reject defendant's contention that reversal is required based on a *Rosario* violation. Although the prosecutor delayed

in disclosing certain *Rosario* material until after one witness had testified, "[r]eversal based upon the People's delay in disclosing *Rosario* material is necessary only when defendant demonstrates that he has been substantially prejudiced by the delay" (*People v Goncalves*, 239 AD2d 923, 923 [1997], *lv denied* 91 NY2d 873 [1997]; *see People v Banch*, 80 NY2d 610, 617-618 [1992]; *People v Ranghelle*, 69 NY2d 56, 63 [1986]). Defendant has failed to establish any prejudice resulting from the delay, and we therefore conclude that the court properly denied his CPL 330.30 motion to set aside the verdict on that ground.

Defendant failed to preserve for our review his contention that his sentencing as a second felony offender was in contravention of *Apprendi v New Jersey* (530 US 466 [2000]) and, in any event, that contention lacks merit (*see People v Rosen*, 96 NY2d 329, 334 [2001]; *People v Simmons*, 298 AD2d 468, 469 [2002], *lv denied* 100 NY2d 645 [2003]).

Although we reject defendant's contention that the sentence is unduly harsh and severe, we conclude that the sentence imposed on count four of the indictment is illegal. Criminal possession of a weapon in the third degree under subdivision (4) of Penal Law § 265.02 is a violent felony offense (*see* § 70.02 [1] [c]; § 265.02 [4]). Where, as here, a defendant has been found to be a second felony offender and the crime is a violent felony, the court "must" impose a determinate sentence (§ 70.06 [6]). Thus, the indeterminate term of incarceration imposed on that count of the indictment is illegal. We therefore modify the judgment by vacating the sentence imposed on count four of the indictment, and we remit the matter to County Court for resentencing on that count. Present—Pine, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.