# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**228**

**KA 09-00276**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DALE A. BENTON, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 7, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Defendant's contention that prosecutorial misconduct during voir dire warrants reversal of the judgment has not been preserved for our review (*see People v Pritchett*, 248 AD2d 967, 968, *lv denied* 92 NY2d 929). In any event, we conclude that the prosecutor did not engage in misconduct by attempting to obtain unequivocal assurances from prospective jurors that they would be able to convict defendant solely on the basis of the testimony of an 11-year-old eyewitness if that testimony credibly established the elements of the crime beyond a reasonable doubt (*see People v Calabria*, 3 NY3d 80, 82; *see also People v White*, 213 AD2d 507, 508, *lv denied* 86 NY2d 742). Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct during summation. Defendant's contention with respect to several of the prosecutor's allegedly improper comments is unpreserved for our review inasmuch as defendant failed to object to those comments (*see People v Mull*, 89 AD3d 1445, 1446, *lv denied* 19 NY3d 965; *People v Freeman*, 78 AD3d 1505, 1505, *lv denied* 15 NY3d 952), and we decline to exercise our power to review his contention with respect to those comments as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention with respect to the remaining allegedly improper comments made by the prosecutor during summation. The prosecutor's references to defendant's trial strategy as "smoking mirrors [sic]" do " 'not constitute such a pervasive pattern of misconduct that reversal is

warranted' " (*People v Goncalves*, 239 AD2d 923, 923, *lv denied* 91 NY2d 873).  Additionally, although the People correctly concede that the prosecutor's reference to an unindicted accomplice during summation was improper, defendant's prompt objection and County Court's curative instruction dispelled any prejudice (*see People v Smith*, 195 AD2d 951, 951, *lv denied* 82 NY2d 727).  The prosecutor's comment alluding to defendant's failure to call a certain witness on his behalf did not constitute an impermissible effort to shift the burden of proof inasmuch as defendant elected to present a defense (*see People v Tankleff*, 84 NY2d 992, 994; *People v Rivera*, 292 AD2d 549, 549, *lv denied* 98 NY2d 654).  In any event, we note that " 'the court clearly and unequivocally instructed the jury that the burden of proof on all issues [with respect to the crimes charged] remained with the prosecution' " (*People v Matthews*, 27 AD3d 1115, 1116).

We reject defendant's further contention that the court abused its discretion in allowing testimony that the eyewitness did not identify the perpetrator from a large group of photographs that were assembled based upon her initial description of the perpetrator. Where " 'the reliability of an eyewitness identification is at issue,' " negative identification evidence establishing that a witness did not identify a suspect as the perpetrator is admissible because it " 'can tend to prove that the eyewitness possessed the ability to distinguish the particular features of the perpetrator' " (*People v Wilder*, 93 NY2d 352, 357, quoting *People v Bolden*, 58 NY2d 741, 744 [Gabrielli, J., concurring]).  Here, the People demonstrated that there were some similarities between the features of the persons in the photographs shown to the eyewitness and the features of defendant, i.e., they were the same race and gender as defendant.  Thus, the People established the relevancy of the negative identification evidence, and the court did not abuse its discretion in concluding that the probative value of the evidence outweighed any prejudicial effect (*see id.* at 357-358).

Lastly, with respect to defendant's contention that he was denied effective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Entered:  May 3, 2013                    Frances E. Cafarell
                                         Clerk of the Court