■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLENE V. HOLLEY, Appellant. [654 NYS2d 462] —Mikoll, J. P.

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 1, 1994, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the third degree and criminal impersonation in the second degree.

Defendant was a backseat passenger in a vehicle which was stopped for speeding on Interstate Route 81 in the Town of Kirkwood, Broome County. Upon police inquiry, defendant identified herself as Linda Miller. After ascertaining that no one in the car possessed a valid driver's license, one of the officers received consent to search the car. In the trunk were three large garbage bags containing clothing with price tags affixed. In the car, next to defendant, were two 20-piece sets of Pfaltzgraff dinnerware and a new pair of children's sneakers. Defendant was arrested and taken to the police station where she ultimately divulged her correct name. She also admitted, orally and in writing, her part in stealing the items recovered from an outlet mall in Pennsylvania and her intent to sell them in Monroe County. She was charged with criminal possession of stolen property in the third degree for possessing stolen goods valued in excess of $3,000 and criminal impersonation in the second degree for falsely identifying herself as Miller to the police. Defendant was found guilty as charged and sentenced as a second felony offender to concurrent prison sentences of 3 to 6 years on the criminal possession conviction and one year on the criminal impersonation conviction. This appeal ensued.

Defendant challenges her conviction contending that the People failed to prove that she possessed stolen property as required by Penal Law § 165.50. She urges that as a passenger in a vehicle not owned by her and over which she did not exercise any control (the keys being in another's possession), she cannot be found to have possessed the items found in the trunk and in the back seat of the car. We note that defendant never objected to the adequacy of the evidence against her on this basis. Failing a specific objection, defendant failed to preserve this issue on appeal. Were we to consider the issue, we would nonetheless conclude that the evidence was sufficient to prove her exercise of dominion and control over the stolen property. The presence of three stolen items next to her in the back seat of the car, her duplicity in claiming that she purchased the stolen items found in the trunk of the car, and her later admissions to the theft and intention to sell the stolen items constitute sufficient evidence of possession of stolen property.

Defendant also challenges the value attributed to the stolen property by the People, contending that the evidence failed to establish theft of property with a value exceeding $3,000. Defendant contends that the value of the goods should be the value attributed to them by the outlets, a discounted price which would drop the price of the stolen items below $3,000. The term value is defined by Penal Law § 155.20 (1). This statute provides that the "market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime", must be used to calculate the value of the property. Defendant was apprehended with the stolen goods in Broome County. Thus, the crime charged occurred there (*see, People v Borriello*, 154 Misc 2d 529, 535) and the value of the items must be established as to what they were in Broome County.

The People relied on testimony of sales staff from the Pennsylvania outlet stores and the manufacturer's retail price tags attached to the items to establish value. The value of the items was alleged by the People to be $4,283.42. The testimony indicated, however, that the items would have been sold at the outlet stores at the discounted prices marked on the tags. The goods stolen from the Izod/Gant outlet store, which had a manufacturer's retail price of $594.84, would have been discounted by 50%, bringing the total value of the stolen goods in defendant's possession below $3,000. We find that the proof was inadequate to establish the market or replacement value of the goods in Broome County. Absent proof that the goods had a value over $3,000, defendant's conviction for possession of stolen property in the third degree was not proven. The conviction must be reduced to criminal possession of stolen property in the fourth degree (*see, People v Bryant*, 168 AD2d 505, 506).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of criminal possession of stolen property in the third degree; said conviction reduced to the crime of criminal possession of stolen property in the fourth degree and matter remitted to the County Court of Broome County for resentencing on said conviction; and, as so modified, affirmed.