■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HARVEY, Appellant. THE PEOPLE OF THE STATE OF NEW

York, Respondent, v Tracy Rogers, Appellant. [666 NYS2d 139] —Judgments, Supreme Court, Bronx County (John Stackhouse, J.), rendered January 12, 1995 and May 11, 1994, respectively, convicting defendants, after a jury trial, of criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree, and sentencing each of them to consecutive terms of 3½ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

Defendants' suppression motions were properly denied. The record supports the motion court's finding that, based on the entire chain of events, the police officer approached the van occupied by defendants with reasonable suspicion that defendants had committed a recent gunpoint robbery and that they were armed (*see, People v Allen*, 73 NY2d 378, 379-380). The officer's subsequent plain view observation of jewelry taken during the recent robbery, of a gun holster and of bullets, all contained in an open bag in the van, provided the officer with probable cause to arrest and to search the van and the bag (*see, People v Landy*, 59 NY2d 369, 376-377; *People v Sanchez*, 216 AD2d 207, *lv denied* 87 NY2d 850). We see no reason to disturb the court's credibility determinations.

The court properly excluded defendant Harvey's five-year-old child and newborn infant from the courtroom. The record sufficiently establishes that the children were actually, as well as potentially, disruptive (*see, People v Daniels*, 237 AD2d 529, *lv denied* 90 NY2d 857).

The trial court properly denied defendant Rogers's request to give a circumstantial evidence charge (*see, People v Daddona*, 81 NY2d 990, 992; *People v de Jesus*, 178 AD2d 180, *lv denied* 79 NY2d 946).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence of defendants' constructive possession of the bonds (*see, People v Daddona*, 81 NY2d 990, *supra*; *People v Holley*, 237 AD2d 642), and we reject defendant Rogers's argument that the court's charge limited the constructive possession theory to the weapon. The value of the savings bond was properly established (*see*, Penal Law § 155.20 [1], [2]; *People v Jenkins*, 61 AD2d 705, *lv denied* 44 NY2d 954).

We perceive no abuse of sentencing discretion.

We have considered defendants' other claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Williams, Andrias and Colabella, JJ.