08-1269-cr
United States v. Lopez

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2008

(Argued: October 17, 2008      Decided: November 13, 2008)

Docket No. 08-1269-cr

-------------------------------------------------------------X

UNITED STATES OF AMERICA,

Appellee,

- v. -

ALBERT LOPEZ,

Defendant-Appellant.

-------------------------------------------------------------X

Before:  McLAUGHLIN, LEVAL, and POOLER, Circuit Judges.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, J.), convicting defendant, after a guilty plea, of possession of a firearm by a convicted felon.

AFFIRMED.

> JAMES R. SMART, Assistant United States Attorney, for Nora R. Dannehy, United States Attorney for the District of Connecticut, Bridgeport, Connecticut (Sandra S. Glover, on the brief), for Appellee.
>
> CHARLES F. WILLSON, Nevins & Nevins LLP, East Hartford, Connecticut, for Defendant-Appellant.

McLAUGHLIN, Circuit Judge:

Albert Lopez appeals from a judgment of conviction entered on March 5, 2008. He had pled guilty in the United States District Court for the District of Connecticut (Underhill, J.) to one count of possession of a firearm by a convicted felon. He was sentenced principally to 47 months' imprisonment.

On appeal, Lopez contests the denial of his pretrial motion to suppress a firearm seized during a search by United States marshals. His live-in girlfriend had consented to the search. He contends that her consent was ineffective as to him because he was present in the house and the marshals did not request his consent.

We agree with the district court that the marshals had no obligation to get Lopez's consent. Accordingly, we affirm.

**BACKGROUND**

In July 2006, Albert Lopez, a convicted felon, violated the terms of his supervised release by failing a drug test.

In October 2006, U.S. marshals arrested Lopez on the first floor of his house pursuant to an arrest warrant. Having handcuffed Lopez, who was wearing only shorts, one of the marshals then escorted Lopez's girlfriend to their second-floor

bedroom to get clothes for Lopez. Lopez did not object to this procedure.

In the bedroom, the marshal saw narcotics and drug paraphernalia on the night stand. He got consent from Lopez's girlfriend to search the bedroom, and he summoned another marshal upstairs to witness the consent and to assist with the search. The marshals never asked Lopez, who remained downstairs during the search, for consent to search the bedroom. A loaded .357 handgun was found under a pillow on the bed.

In March 2007, Lopez was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and for possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

Lopez moved to suppress the gun, arguing that, notwithstanding the consent of the girlfriend, the search of the bedroom was unreasonable because he did not consent to it. After a hearing, the district court denied the motion to suppress, finding that the consent of Lopez's girlfriend was sufficient to justify the search in light of Lopez's failure to object.

Reserving the right to appeal the denial of his motion to suppress, Lopez pled guilty to possession of a firearm by a convicted felon.

In March 2008, the district court sentenced Lopez to 47 months' imprisonment.

Lopez now appeals the denial of his motion to suppress. For the reasons that follow, we affirm.

**DISCUSSION**

Lopez argues that the warrantless search of his bedroom without his consent was unreasonable under Georgia v. Randolph, 547 U.S. 103 (2006). We disagree.

When considering a district court's ruling on a suppression motion, we review factual findings for clear error and legal determinations de novo. United States v. Rommy, 506 F.3d 108, 128 (2d Cir. 2007).

Although warrantless searches "are per se unreasonable under the Fourth Amendment," Katz v. United States, 389 U.S. 347, 357 (1967), those searches are permissible when a person with "common authority" over the area to be searched voluntarily consents, Illinois v. Rodriguez, 497 U.S. 177, 181 (1990). In Randolph, the Supreme Court held that when law enforcement officers conduct a search, authorized by one co-occupant, over the express objection of another co-occupant, any further search would be unreasonable as to the objecting co-occupant.[1] 547 U.S. at 122-

---

[1] In United States v. Lopez, 386 F.3d 475 (2d Cir. 2004), we observed in dictum that "even where the defendant has already refused consent — the officers may nonetheless rely on consent

4

23. In so holding, the Supreme Court carefully distinguished and preserved its earlier holdings in United States v. Matlock, 415 U.S. 164 (1974), and Rodriquez, two prior cases where the Court upheld searches conducted with the consent of the defendant's co-occupant. See Randolph, 547 U.S. at 121-22.

In Matlock, the defendant was arrested in his front yard and was moved to a nearby squad car while police officers obtained consent to search his residence from a woman with whom he lived. 415 U.S. at 166. In Rodriquez, the defendant was asleep inside the residence, and the officers obtained consent from his girlfriend, whom the police reasonably believed also lived at the premises. 497 U.S. at 180. In both cases, law enforcement officers did not give the defendants an opportunity to object to the searches.

To reconcile its holding in Randolph with Matlock and Rodriquez, the Supreme Court "dr[ew] a fine line," reasoning as follows. If one co-occupant of a premises consents to search while the other objects, the search would be unreasonable as to the co-occupant who objected. On the other hand, having obtained the consent of one co-occupant, the officers are under no obligation to inquire of the other occupant whether he consents,

from a third party." Id. at 481. It is certainly questionable whether that proposition is valid after Randolph.

5

even when the other occupant is present at the premises when the consent is given.  Randolph, 547 U.S. at 121-22.  This rule is subject to a limitation: the police must not have removed the occupant for the purpose of avoiding a possible objection.  Id. at 122.

Randolph also added in dictum that law enforcement officers need not "take affirmative steps to find a potentially objecting co-tenant before acting on the permission they had already received" from another tenant.  Id.  According to the Court, requiring police to seek consent from potential objectors would "needlessly limit the capacity of police to respond to ostensibly legitimate opportunities in the field" and turn every co-tenant case "into a test about the adequacy of the police's efforts to consult with a potential objector."  Id.

Applying these standards, we find that the search of Lopez's bedroom was reasonable.  Lopez concedes that his live-in girlfriend voluntarily consented to the search of their bedroom and that Lopez did not object to the search.  In addition, there is no indication that the marshals removed Lopez for the purpose of avoiding his potential objection.  See id. at 121.  To the contrary, the evidence shows that, after being arrested, Lopez remained inside the house during the entire search.  Nor is there any contention that the officers separated Lopez from his

6

girlfriend in order to conceal from him that they would ask her for consent.

The fact that the marshals did not ask Lopez for his consent does not render the search unreasonable. Randolph indicates that law enforcement officers are under no affirmative obligation to request consent from a potentially objecting co-occupant before acting on permission they received from another occupant. Id. at 122. As the Supreme Court noted, a contrary rule would prove needlessly time-consuming and impractical. See id.

Lopez maintains that the rule we now adopt does not apply here because the marshals were not required to "find" Lopez to obtain his consent. Rather, the marshals could have asked him for permission merely by calling down the stairs or contacting their colleagues downstairs by radio. We reject this argument. The Supreme Court upheld the searches in Matlock and Rodriquez notwithstanding that the potentially objecting co-occupants were readily accessible to law enforcement officers. The Matlock defendant was in a squad car near the residence, 415 U.S. at 166, and the Rodriquez defendant was asleep in another room, 497 U.S. at 180. Randolph specifically confirmed that these cases remain sound law. See Randolph, 547 U.S. at 121. Thus, the ease with which law enforcement officers might seek the defendant's permission to search when a co-occupant has already consented is

simply irrelevant.  Accordingly, Lopez's contention that he was far more accessible to the law enforcement officers than were the Matlock and Rodriquez defendants is unavailing.

In short, we hold that the marshals had no duty to ask Lopez whether he consented to the search, no matter how easy or convenient it might have been to do so.  Rather, the onus was on Lopez to object to the search.  Because he did not object, his girlfriend's consent was valid, and the search was reasonable.

The district court did not err in denying Lopez's motion to suppress.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.