STATE OF CONNECTICUT *v.* JEROME F. MOORE
(AC 30315)

DiPentima, Beach and Stoughton, Js.*

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 20—officially released April 20, 2010

*Mary Anne Royle*, special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Jason Germain*, assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Jerome F. Moore, appeals from the judgment of conviction, rendered after a jury trial, of one count of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and one count of possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b). On appeal, the defendant claims

(1) that the trial court improperly denied his motion to suppress evidence seized as the result of a warrantless entry of his apartment and (2) that the warrantless entry by the police violated his rights under article first, § 7, of the Connecticut constitution. We affirm the judgment of the trial court.

The defendant moved pursuant to both the federal and state constitutions to suppress evidence obtained by the police after they had arrested him and entered his apartment. On November 29, 2007, the court conducted an evidentiary hearing on the defendant's motion to suppress. At the conclusion of the hearing, the court denied the defendant's motion; thereafter, the matter was tried to the jury, and the defendant was convicted as charged on both counts, from which he appealed to this court. The defendant claims that his rights under the fourth amendment to the federal constitution were violated when the police entered his apartment without a warrant and that the court improperly determined that both he and his wife had consented to entry by the police. He claims further that even though the court determined that their consent had been implied, article first, § 7, of the state constitution requires express consent.

The court, in its oral ruling on the defendant's motion to suppress, found the following facts. At approximately 7:45 a.m. on September 29, 2006, three officers from the Waterbury police department entered the common hallway of an apartment building located at 417 East Main Street in that city with valid warrants for the arrest of the defendant. The officers saw the defendant standing in the common hallway outside of the door to a common bathroom, dressed only in a T-shirt and boxer shorts. The officers indicated to the defendant that they had warrants for his arrest and placed him under arrest. After being placed in handcuffs, the defendant indicated to the officers that he wanted additional clothing before

going to the police station. The officers acceded to his request and asked the defendant where his clothing was located. The defendant nodded toward his apartment, the door to which was ajar. One of the officers then knocked on the partially open door, which swung open as a consequence. The defendant's one room apartment contained a bed in which the officer saw the defendant's wife, Ebony Moore. Ebony Moore did not indicate to the officers in any way that they could not enter. Furthermore, upon entering, the officers did not intend to search the apartment; instead their sole intent was to retrieve the defendant's clothes. This intent was expressed to Ebony Moore when the officers indicated to her that they were entering to get clothing for the defendant; neither threats nor use of force were issued to gain entry. After entering the apartment for that purpose, one of the officers noticed crack cocaine on top of a dresser and seized it.[1] The defendant subsequently moved to suppress the seizure of those narcotics.

The court found, on basis of the totality of the circumstances, that the defendant voluntarily consented to entry by the officers and that he had the authority to grant such consent. It also found that Ebony Moore, by way of her conduct, impliedly consented to the officers' entry. Accordingly, the court denied the defendant's motion to suppress the seized evidence. This appeal followed.

I

Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress

---

[1] The substance seized, which was packaged in eighty bags, later was identified as 13.2 grams of cocaine. Additionally, after the defendant identified the pants he wanted, one of the officers searched the pockets before giving the pants to him and discovered $632, which also was seized. The defendant was then transported to the police department, where he was advised of his *Miranda* rights. See *Miranda* v. *Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The defendant signed a waiver of rights form, then provided a written and sworn statement in which he stated that the crack cocaine was his and that he sells it.

is well defined. "A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out [by the trial court]." (Internal quotation marks omitted.) *State* v. *Burroughs*, 288 Conn. 836, 843, 955 A.2d 43 (2008).

On appeal, the defendant claims that his conduct and the circumstances surrounding his arrest were too ambiguous for the police reasonably to assume that he consented to their entry. We find nothing ambiguous either in his conduct or in the circumstances, which were as follows. The police arrived at the defendant's last known address with outstanding warrants to arrest him for selling narcotics. They entered the apartment building and observed the defendant outside a common bathroom wearing only boxer underpants and a sleeveless undershirt. When they arrested him, the defendant inquired of the officers "if he could get some clothes on" so that he did not have "to go downtown" in his underwear.

It is true that, as appellate counsel suggested to us at oral argument, the police could have taken the defendant to the police station as he was dressed. It is perfectly understandable, however, that the defendant did not want to be taken to the station in his underwear and that, therefore, the police agreed to let him get dressed. In response to the defendant's request for clothing, the officers naturally inquired of the defendant where his apartment was. The defendant then led the officers to his apartment and nodded toward the partially open door when the police asked where his clothing was. There was testimony that the defendant told the police, when they asked him whether anyone was inside, that his wife was in the apartment. When one

of the officers knocked, the partially open door swung further open, and the officer could see Ebony Moore lying in bed. The officer then identified himself as a Waterbury police officer and indicated to Ebony Moore that her husband was being placed under arrest. When asked, she said that she was dressed. The officer again explained that the defendant had been arrested and that he wanted to get dressed. Ebony Moore was then asked to leave the room, and she agreed and went out into the hallway. Two of the officers then entered the apartment with the defendant and had him identify the clothing he wanted. The defendant indicated that his pants were in the corner of the room, and as one of the officers proceeded to retrieve the pants he saw the bags of crack cocaine on top of a dresser.

Until the defendant asked to get dressed, the officers neither had any intent nor any reason to enter the apartment. Once he asked for his clothing, it is hardly necessary to point out that the police would not allow a suspected drug dealer to enter his apartment alone, where he might have weapons and would want to have his companion under some control. The police entered not to search the apartment but only to assist the defendant in the retrieval of his clothing because they could not allow him to enter the apartment alone.

We agree with the court that the defendant voluntarily consented by his conduct to the police entry into his apartment. Nothing in the record suggests that he acquiesced to a direction by the police; quite to the contrary, the police acquiesced to his request for clothing. A warrantless search, or entry in this case, is not unreasonable if a person with authority to do so has freely consented to the entry. *State* v. *Jones*, 193 Conn. 70, 78–79, 475 A.2d 1087 (1984). Whether consent has been freely and voluntarily given is a question of fact to be determined by the trial court on the basis of the totality of the circumstances. Id., 79. This court may reverse

the trial court's factual findings on appeal only if they are clearly erroneous. Id., 79–80. We conclude that there was ample evidence in the record to support the court's finding of consent on the part of the defendant.

We also see nothing about the presence of Ebony Moore that made it unreasonable for the police to infer that they had the defendant's consent to enter the apartment. The defendant claims that her presence in the room rendered the situation too fraught with ambiguity for the officers reasonably to infer that they had consent to enter. The officers, as set forth previously, did not enter until Ebony Moore had exited into the hallway and only went into the apartment because they reasonably believed that the defendant consented to their entry.

The defendant also has attacked the court's finding that Ebony Moore consented to the police entry. We find it unnecessary to consider this claim. Fourth amendment rights are personal and may not be asserted vicariously. *State* v. *Morrill*, 197 Conn. 507, 540, 498 A.2d 76 (1985). Ebony Moore was not arrested or charged with any crime, and the police, having obtained consent from the defendant, were not required under the circumstances to inquire of Ebony Moore if she, too, consented. See *Georgia* v. *Randolph*, 547 U.S. 103, 122, 126 S. Ct. 1515, 164 L. Ed. 2d 208 (2006); *United States* v. *Lopez*, 547 F.3d 397, 400 (2d Cir. 2008), cert. denied, 556 U.S. 1138, 129 S. Ct. 1636, 173 L. Ed. 2d 1014 (2009).

II

The defendant claims that under article first, § 7, of the Connecticut constitution, consent to enter or to search one's premises must be express. He does not direct our attention to any of our case law to support this position.

Our Supreme Court repeatedly has observed that the language of article first, § 7, closely resembles that of

the fourth amendment. *State* v. *Davis*, 283 Conn. 280, 306, 929 A.2d 278 (2007). "The similarity denotes a common source and, thus, [supports] a common interpretation of the provisions." (Internal quotation marks omitted.) Id., 306–307. Our courts have frequently upheld entries and searches where consent was implied by words or conduct. See, e.g., *State* v. *Smith*, 105 Conn. App. 278, 293–94, 937 A.2d 1194, cert. denied, 286 Conn. 909, 944 A.2d 980 (2008); *State* v. *McColl*, 74 Conn. App. 545, 559–60, 813 A.2d 107, cert. denied, 262 Conn. 953, 818 A.2d 782 (2003). Most important, we note that although article first, § 7, was cited in the defendant's motion to suppress, this appears to be a form motion, and the claim that article first, § 7, demands express consent to enter was never litigated in the trial court. Consequently, the defendant has requested review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

A defendant can prevail on an unpreserved constitutional claim only if the four conditions set out in *Golding* are satisfied.[2] Under the circumstances of this case, although it seems clear that express consent was not sought by the police, it is also clear that the officers entered the apartment along with the defendant only so that he could get his clothing. At the conclusion of the suppression hearing, the prosecutor argued that the police did not have to ask for permission to accompany the defendant into his apartment. When the court queried whether the police would still need consent to enter, the prosecutor answered in the affirmative. The

---

[2] The four conditions of *Golding* are: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." *State* v. *Golding*, supra, 213 Conn. 239–40.

defendant, in response, focused his attack on the credibility of the officers. In fact, the defendant conceded that if the court credited the testimony of the police officers, rather than that of Ebony Moore, consent would be sufficient "[a]s a matter of law . . . ." If the defendant had argued at the evidentiary hearing that implied consent was inadequate, the prosecutor likely would have developed further his claim that under the circumstances no express permission to enter was required and that the officers' accompaniment of the defendant while he retrieved his clothing was reasonable.

The United States Supreme Court has held that it is not unreasonable under the fourth amendment for a police officer, as a matter of routine and as his or her judgment dictates, to monitor the movements of an arrested person following such arrest. *Washington* v. *Chrisman*, 455 U.S. 1, 7, 102 S. Ct. 812, 70 L. Ed. 2d 778 (1982). The officer's need to ensure his or her own safety as well as the integrity of the arrest is compelling. Id. Article first, § 7, of our state constitution, like the fourth amendment to the federal constitution, protects only against unreasonable searches and seizures. It is therefore not clear on the state of the record that the alleged constitutional violation clearly exists. Accordingly, we conclude that the defendant has not satisfied the third condition enunciated in *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.