10-1206-cr
*United States v. Thomas Powers*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                            No. 10-1206-cr

THOMAS POWERS,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          JEREMY D. SCHWARTZ, Buffalo, NY.

**FOR APPELLEE:**          JOSEPH J. KARASZEWSKI, Assistant United States Attorney (William J. Hochul, Jr., United

1

States Attorney, *on the brief*) Office of the United States Attorney for the Western District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Thomas Powers ("Powers") appeals the District Court's ruling, on a Report and Recommendation ("R&R") from Magistrate Judge Jeremiah J. McCarthy, denying his motion to suppress physical evidence seized from his residence. We affirm the District Court's ruling for substantially the reasons stated in the R&R.

In December 2004, after discovering two images of children engaged in sexual activity on the computer she shared with her husband, Powers's wife ("Mrs. Powers") went to the Lockport, New York, Police Department and asked to file a report. She was accompanied by two of her sisters. At the station, she signed a written form entitled "Permission to Search," which authorized the police to search the residence that she shared with her husband and young daughter. The form expressly authorized the police to remove from the property "whatever documents or other items of property whatsoever which they deem pertinent to their investigation." Mrs. Powers's immediate purpose in consenting to the search was to allow the police to take the computer on which she had found the explicit images and "[t]o see the pictures." As she testified at the suppression hearing, Mrs. Powers "thought [it] was implied" in her consent that she was giving the officers permission to search the contents of the computer after they took it.

Later that day, the police arrived at the Powers's residence. Mrs. Powers asked them to remain outside while she talked to her husband. Shortly thereafter, Mrs. Powers's sister waived the officers in. Inside, the officers spoke to Powers, who cooperated with their search and showed them two images of child pornography on one of his computers. When asked if there was other child pornography in the house, Powers responded that there was, and retrieved a box of media files, which he gave to the officers. He also gave them permission to take other computer towers and helped the officers retrieve them. Later, an agent of the Federal Bureau of Investigation examined the seized items and discovered over 1,000 images and a few videos of child pornography.

At his suppression hearing, Powers argued that, to the extent his wife consented to a search of their residence, her consent was revoked, or at least conditioned on the officers remaining outside the house when she spoke with Powers. He further argued that the scope of any consent did not

2

include a search of the contents of the seized items after they had been removed from the residence. After an evidentiary hearing the Magistrate Judge rejected these arguments and denied Powers's motion to suppress. The District Court adopted the R&R over Powers's objections. We find no error in this ruling.

In evaluating a district court's ruling on a motion to suppress, we review the district court's findings of fact for clear error (viewing the evidence in the light most favorable to the government), and review conclusions of law *de novo*. *United States v. Rodriguez*, 356 F.3d 254, 257 (2d Cir. 2004). Here, the Magistrate Judge found, as a matter of fact, that Powers's wife had consented to the search of their home and had never withdrawn that consent. Specifically, he found "that when the officers entered her home, they had her permission." This factual finding finds ample support in the record from the suppression hearing. Furthermore, the Magistrate Judge found that Mrs. Powers's express object in consenting to the search was to allow the police to search the computer on which she had discovered the images of child pornography.[1] This finding is also amply supported by the record. We therefore find no error, let alone clear error, in the Magistrate Judge's finding that the search did not exceed the scope of Mrs. Powers's consent. Because it is not contended that Powers himself registered any "express objection" to his wife's consent, we agree with the Magistrate Judge that the search of his home, and the consequent search of the contents of his computer, falls within the consent exception to the Fourth Amendment's warrant requirement. *See United States v. Lopez*, 547 F.3d 397, 399-400 (2d Cir. 2008).

---

[1] Powers's reliance on the Tenth Circuit's decision in *United States v. Carey*, 172 F.3d 1268 (10th Cir. 1999), is misplaced. In *Carey*, the defendant had consented to a limited search of his apartment for drug-related items. The police seized two computers and obtained a warrant allowing them to search the computers for "documentary evidence pertaining to the sale and distribution of controlled substances." *Id.* at 1270. Despite the narrow scope of the warrant, the officers encountered images of child pornography during the search and the defendant was prosecuted for possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). The Tenth Circuit ruled that the police exceeded the scope of the warrant in collecting the images of child pornography. *Carey*, 172 F.3d at 1276.

Without passing on the persuasiveness of the Tenth Circuit's opinion, which was expressly limited to the facts before it, *see id.*, we find that it is inapposite here. Whereas the warrant in *Carey* was limited to a search for evidence pertaining to the distribution of controlled substances, the express purpose of Mrs. Powers's consent in this case was to find images of child pornography and have them removed from her house. It cannot reasonably be argued, therefore, that the search of the content of the computers exceeded the scope of the consent provided by Mrs. Powers.

3

## CONCLUSION

We reject all of Powers's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court