THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARTISE WATSON, Respondent. [955 NYS2d 411]—

At approximately 8:50 p.m. on October 23, 2009, two police officers responded to a domestic dispute call at an apartment at which the defendant and his girlfriend resided. After determining that the girlfriend had made the 911 emergency telephone call, the officers separated the parties for interviews. While one officer remained just outside of the apartment door with the defendant, the second officer accompanied the girlfriend into the apartment. During this officer's interview of the girlfriend, she

led him to a closet and opened a drawer, revealing three guns and ammunition. The defendant was arrested, and the girlfriend signed a statement memorializing her consent to the search. Subsequently, the defendant waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) and wrote out a statement.

The defendant moved to suppress the physical evidence and the written statement. The hearing court granted the motion, and the People appeal.

Warrantless searches are "per se unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions" (*Katz v United States*, 389 US 347, 357 [1967]). One exception is that "the police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (*People v Cosme*, 48 NY2d 286, 290 [1979]; *see People v Kelly*, 58 AD3d 868, 869 [2009]).

In *Georgia v Randolph* (547 US 103 [2006]), the Supreme Court "carved out a very simple, clear, and narrow exception to a co-occupant's consent to the search of an area over which the co-occupant has common authority" (*United States v Lopez*, 2007 WL 2696595, \*6, 2007 US Dist LEXIS 66937, \*15-16 [D Conn 2007], *affd* 547 F3d 397 [2d Cir 2008], *cert denied* 556 US 1138 [2009]). The Court held that when law enforcement officers conduct a search, authorized by one co-occupant of a premises, over the express objection of another co-occupant, any further search would be unreasonable as to the objecting co-occupant (*see Georgia v Randolph*, 547 US 103 [2006]). The Court continued to "draw[ ] a fine line," and held that if a potential objector is present and objects to a search, a co-occupant's consent does not suffice for a reasonable search, whereas a potential objector who is "nearby but not invited to take part in the threshold colloquy, loses out" (*id.* at 121; *see United States v Lopez*, 547 F3d at 400). The only limitation is that the police may not remove the potentially objecting occupant for the purpose of avoiding a possible objection (*see United States v Lopez*, 547 F3d at 400).

Here, the hearing court erroneously concluded that, in order for the search to be valid, the police officers were required to obtain consent not only from the defendant's girlfriend, who resided with the defendant, but from the defendant as well. "[L]aw enforcement officers are under no affirmative obligation to request consent from a potentially objecting co-occupant before acting on permission they received from another oc-

cupant" (*id.* at 400; *see Georgia v Randolph*, 547 US at 122). Rather, the "onus was on [the defendant] to object to the search" (*United States v Lopez*, 547 F3d at 400). Moreover, there was no indication that the officers removed the defendant for the purpose of avoiding his potential objection, or that the officers separated the defendant from his girlfriend in order to conceal from him that they would ask her for consent to conduct a search.

Accordingly, the hearing court erred in suppressing the physical evidence (*see United States v Lopez*, 547 F3d 397 [2008]; *United States v Parker*, 469 F3d 1074, 1078 [2006]). Furthermore, as the search was valid, the defendant's written statement should not have been suppressed as the fruit of the poisonous tree (*see People v Mais*, 71 AD3d 1163, 1165 [2010]; *see generally Wong Sun v United States*, 371 US 471, 488 [1963]). Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.