THIRD DEPARTMENT, MAY, 2015

(May 7, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD M. GRILLO, Appellant. [7 NYS3d 726]—

Garry, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 1, 2012, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fifth degree (two counts).

Defendant and his girlfriend, Kelly Helms, were charged in a multicount indictment with numerous crimes arising out of their alleged involvement in a string of burglaries in Sullivan County. As relevant here, count 10 of the indictment charged both defendant and Helms with criminal possession of stolen property in the third degree relating to their alleged possession of jewelry stolen from the home of one victim (hereinafter the victim). Counts 11 and 12 of the indictment, as amended, charged defendant and Helms with criminal possession of stolen property in the fifth degree relating to their alleged possession of property stolen from the homes of two additional victims. The property allegedly possessed pursuant to counts 10 through 12

was recovered from Helms' residence during a consent search by police. Count 13 of the indictment charged Helms alone with criminal possession of stolen property in the third degree pertaining to additional pieces of jewelry that were recovered during the execution of a search warrant following the initial consent search.

The cases against defendant and Helms initially proceeded to trial jointly. County Court granted Helms' mid-trial motion for severance after determining that their defense strategies were incompatible. The case against defendant continued thereafter, and the jury ultimately returned a verdict finding him guilty on counts 10, 11 and 12 of the indictment. County Court then sentenced him, as a persistent felony offender, to a prison term of 25 years to life on his conviction under count 10, and concurrent one-year terms of incarceration on each of the remaining convictions. Defendant appeals.

We reject defendant's argument that County Court erred in denying his motion to suppress evidence obtained from the consent search of the residence. Testimony at the suppression hearing established that two detectives visited the residence after the victim's husband suggested that defendant may have been involved in the burglary. The detectives knocked on the door of the residence and Helms answered and allowed them inside. The detectives then asked to speak to defendant, who subsequently emerged from a back bedroom. Defendant indicated to the detectives that he did not wish to speak to them and that he was merely a guest in the home. The detectives then turned their attention to Helms and requested permission to look around the house. Defendant stated to Helms, "Don't do it, don't . . . make it easy for them." The detectives then asked Helms to accompany them outside and again asked for permission to look around the home. Once outside, Helms gave verbal consent to allow the detectives to search the bedroom that she shared with defendant, but refused to sign a written consent form. Upon Helms and the detectives reentering the residence, defendant became agitated and again stated to Helms, "[D]on't . . . do it, don't make it easy, make them get a warrant." He then asked a detective if he was free to leave, and the detective responded that he was. Defendant left the residence and Helms subsequently led the detective into a bedroom where numerous pieces of stolen property were recovered.

Even in the absence of a warrant, police may lawfully search a residence where an inhabitant with apparent authority to consent to the search freely and voluntarily does so (see *People*

*v Edwards,* 124 AD3d 988, 989 [2015]; *People v Dean,* 46 AD3d 1229, 1231 [2007], *lv denied* 10 NY3d 763 [2008]). However, where one resident consents to a search and another refuses, "[the] warrantless search of [the] shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him [or her] on the basis of consent given to the police by another resident" (*Georgia v Randolph,* 547 US 103, 120 [2006]; *cf. People v Cosme,* 48 NY2d 286, 292 [1979]). Notably, however, the objecting resident's refusal operates to counteract the other resident's consent only so long as the objecting resident is physically present on the premises (*see Fernandez v California,* 571 US —, 134 S Ct 1126, 1136 [2014]).

Here, the testimony before County Court established that Helms freely and voluntarily provided consent to search one bedroom of the residence. Although defendant had repeatedly and strongly advised Helms not to consent in the presence of the detectives, he then left the premises of his own accord (*see Georgia v Randolph,* 547 US at 121-122; *People v Watson,* 101 AD3d 913, 914-915 [2012]). Thus, even were we to find that defendant had communicated directly to the detectives and expressly refused consent to search, any such refusal was effectively withdrawn when defendant voluntarily departed the residence prior to the commencement of the search (*see Fernandez v California,* 134 S Ct at 1136). Accordingly, County Court did not err in denying defendant's motion to suppress the fruits of the search.

Defendant further contends that his conviction on count 10 of criminal possession of stolen property in the third degree was against the weight of the evidence.* Defendant's sole contention is that the People failed to prove that the value of the stolen property exceeded $3,000 (*see* Penal Law § 165.50). There were 33 pieces of jewelry introduced that were relevant to this charge against defendant, and over 100 additional pieces of jewelry that were introduced that related only to the charges against Helms. As evidence that the value of the jewelry met the statutory threshold, the People attached price tags to each piece of jewelry based on the victim's research into the item's value. However, following severance of the case against Helms,

---

* Defendant's argument that there was legally insufficient evidence to support the conviction on count 10 is unpreserved, as defendant failed to make a trial motion to dismiss this charge (*see People v Olsen,* 124 AD3d 1084, 1085 n [2015]). Nevertheless, our weight of the evidence analysis requires us to ensure that each element of the crime was established (*see People v Lancaster,* 121 AD3d 1301, 1302 [2014], *lv denied* 24 NY3d 1121 [2015]).

neither County Court nor the People informed the jury that, when reaching its verdict on count 10, it could only consider 33 pieces of jewelry out of the many pieces that had been introduced. The court provided no instructions in this regard, and statements by the prosecutor during summation invited confusion by implying that the jury could consider all of the jewelry. The cumulative and confusing manner in which the evidence was presented made it a near impossibility that the jury would be able to "reasonably infer, rather than merely speculate[,] that the value of the stolen items exceeded the statutory threshold" (*People v Loomis*, 56 AD3d 1046, 1047 [2008] [internal quotation marks, brackets and citation omitted]; *see People v Holley*, 237 AD2d 642, 644 [1997]). Thus, we cannot find that the weight of the evidence supports this conviction. Nevertheless, defendant concedes, and we agree, that the evidence supports a conviction for the lesser included offense of criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40); therefore, we reduce defendant's conviction accordingly (*see* CPL 470.15 [2] [a]; *People v Nicholas*, 106 AD3d 1026, 1027 [2013], *lv denied* 22 NY3d 1089 [2014]; *People v Oates*, 33 AD3d 823, 823-824 [2006], *lv denied* 8 NY3d 883 [2007]; *see also People v Grice*, 84 AD3d 1419, 1420 [2011], *lv denied* 17 NY3d 806 [2011]).

In light of this disposition, we need not address defendant's further contentions.

Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction of criminal possession of stolen property in the third degree under count 10 of the indictment to criminal possession of stolen property in the fifth degree; vacate the sentence imposed on said conviction and matter remitted to the County Court of Sullivan County for resentencing; and, as so modified, affirmed.