People v Sherman (2019 NY Slip Op 08225)





People v Sherman


2019 NY Slip Op 08225


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-04668
 (Ind. No. 167/12)

[*1]The People of the State of New York, respondent,
v
Scott Sherman, appellant.


Mark E. Goidell, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Barbara Kornblau of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (John L. Kase, J., at plea; Christopher G. Quinn, J., at sentence), rendered May 29, 2014, convicting him of unlawful imprisonment in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (John L. Kase, J.), of the suppression of physical evidence.
ORDERED that the judgment is affirmed.
The defendant was charged with kidnapping in the second degree and unlawful imprisonment in the first degree, among other crimes, arising out of an incident in which he allegedly committed various violent acts against his wife inside the residence they shared. After a hearing pursuant to a stipulation in lieu of motions, the County Court denied suppression of certain physical evidence recovered from the residence during a warrantless search by the police. Thereafter, the defendant pleaded guilty to unlawful imprisonment in the first degree. On appeal, the defendant argues, inter alia, that the court erred in denying suppression of physical evidence, and that his plea of guilty was not knowing, voluntary, and intelligent.
We agree with the County Court's determination to deny suppression of the physical evidence recovered by the police during the warrantless search of his house. "[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (People v Cosme, 48 NY2d 286, 290; see People v Xochimitl, 147 AD3d 793, 794, affd 32 NY3d 1026; People v Watson, 101 AD3d 913, 914). Here, the People met their burden of establishing that consent to the warrantless search was freely and voluntarily given by the defendant's wife, a person who possessed the requisite degree of authority and control over the premises, at a time when the defendant was no longer present at the premises (see People v Clark, 167 AD3d 1035, 1036; cf. People v Grillo, 128 AD3d 1103, 1105). Furthermore, there was no evidence that the police removed the defendant for the purpose of avoiding his potential objection to the search (see People v Watson, 101 AD3d at 914; United States v Lopez, 547 F3d 397, 400 [2d Cir]).
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw the plea (see People v Lopez, 71 NY2d 662, 665; People v Harden, 175 AD3d 613, 614; People v Narbonne, 131 AD3d 626, 627). Moreover, the exception to the preservation requirement does not apply here, since the plea allocution did not cast significant doubt upon the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Peralta, 171 AD3d 948). In any event, the defendant's contention is without merit. The County Court adequately advised the defendant of the constitutional rights he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243), and the record affirmatively demonstrates the defendant's understanding and waiver of these rights, and the entry of a knowing, voluntary, and intelligent plea of guilty (see People v Harris, 61 NY2d 9, 19-20; People v Vasquez, 168 AD3d 1185, 1186; People v Dancy, 156 AD3d 717).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Viewing the record in its entirety, the defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712).
SCHEINKMAN, P.J., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court